UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ELISEO LOPEZ-GAYTAN,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, et al.,

Respondents.

Case No.: 3:26-cv-04754-RBM-DDL

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Before the Court is Petitioner Eliseo Lopez-Gaytan's ("Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). (Doc. 1.) For the reasons below, the Court **GRANTS** the Petition.

## I. BACKGROUND

Petitioner, a citizen of Mexico, entered the United States without inspection in or about 2004. (Doc. 1-2 at 12.) Petitioner "was subjected to administrative voluntary departure to Mexico on three separate occasions" during the next two years. (Doc. 1 ¶ 36.) He most recently entered the United States in or about September 2006, and has resided here since then. (*Id.*) On May 21, 2018, Department of Homeland Security ("DHS") agents detained Petitioner and issued him a Notice to Appear, initiating removal proceedings against him. (Doc. 1 ¶ 4.) That same day, Petitioner was released on an Order

of Release on Recognizance. (*See* Doc. 1-2 at 3–6.) On June 13, 2024, an immigration judge granted Petitioner's unopposed motion to terminate the removal proceedings on the basis that the Notice to Appear was defective. (Doc. 1 ¶ 5.)

On or about August 12, 2026, Petitioner was detained while outside his home by Immigration and Customs Enforcement. (*Id.* ¶¶ 1, 41.) Petitioner represents that he was never shown a warrant, and the agents explained only that "they were arresting him because he has an immigration problem." (*Id.* ¶¶ 42–43.) He was taken to Otay Mesa Detention Center, where he remains today. (*Id.*)

On August 19, 2026, Petitioner filed his Petition. (Doc. 1.) The Court set a briefing schedule the next day. (Doc. 2.) Respondents filed their Response to Petition on August 27, 2026. (Doc. 5.) Petitioner filed his Reply on August 31, 2026. (Doc. 6.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner argues that his detention violates the Administrative Procedure Act, 8 U.S.C. § 1357(a)(2)'s prohibition on warrantless arrests, the Fourth Amendment, and the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 54–88.) Respondents argue that Petitioner was issued an administrative warrant, but do not otherwise substantively respond to Petitioner's arguments, stating only that they "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." (Doc. 5 at 2–3.)

The Parties agree that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). (*See id.* (citing *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026)); Doc. 1 ¶ 27.) Therefore, and in light of Respondents' non-opposition, the Court **GRANTS** the Petition.

The Court finds that immediate release, rather than a bond hearing, is the appropriate remedy. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

Finally, Petitioner requests that Respondents "be enjoined from adding DHS monitoring requirements to his release conditions, as [he] was *not* subject to electronic monitoring per the terms of the Order of Release on Recognizance issued by Respondents on May 21, 2018." (Doc. 6 at 6; Doc. 1, Prayer for Relief (praying for immediate release and a return "to the status quo ante, subject to the conditions of his preexisting Order of Release on Own Recognizance").) Given Respondents' non-opposition to this request, and the fact that Petitioner's 2018 Order of Release on Recognizance does not include a requirement that Petitioner be electronically monitored, the Court finds it appropriate to grant this request as well. *See Singh v. Noem*, CASE NO. C26-0302JLR, 2026 WL 879247, at *5 (W.D. Wash. Mar. 31, 2026); *A.S. v. Noem*, Case No. 5:26-cv-00316-MWC-DTB, 2026 WL 849279, at *6 (C.D. Cal. Jan. 29, 2026); *Garcia v. Albarran*, Case No. 26-cv-04839-EKL, 2026 WL 1879641, at *8 (N.D. Cal. June 30, 2026).

/ / /

/ / /

## IV. CONCLUSION[1]

For the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the terms of his preexisting Order of Release on Recognizance. Respondents **MAY NOT** subject Petitioner to any electronic monitoring that was not a condition of Petitioner's preexisting Order of Release on Recognizance.
2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted. At any such hearing, the noncitizen **SHALL BEAR** the burden of establishing, by a preponderance of the evidence, that he is not a flight risk or a danger to the community. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).
3. At any such hearing, if the immigration judge determines that bond is appropriate, the immigration judge **SHALL** consider alternative conditions of release and the noncitizen's ability to pay. *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017) ("A bond determination process that does not include consideration of financial circumstances and alternative release conditions is unlikely to result in a bond amount that is reasonably related to the government's legitimate interests.").

**IT IS SO ORDERED.**

DATE: September 1, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.